**Lansing Marcus LEWIS, II.**

v.

**Joyce Anne Lewis RICHARDSON.**

No. 3–87–0023.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 29, 1987.

Rothschild & Lefkowitz, Nashville, Tenn., for appellant.

David R. Kennedy, Hermitage, Tenn., for appellee.

## MEMORANDUM

MORTON, Senior District Judge.

This bankruptcy appeal arises from an order issued by the United States Bankruptcy Court for the Middle District of Tennessee, Judge Paine presiding, declaring an indebtedness to Commerce Union Bank nondischargeable pursuant to 11 U.S.C. § 523(a)(5), because its assumption by the debtor was intended as alimony to or support of a spouse or child.

The appellant contends [1], *inter alia,* that the bankruptcy court failed to complete the four-step analysis mandated by *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983) when characterizing the assumption of a joint debt as either a nondischargeable support obligation, i.e., alimony or child support, or a dischargeable debt arising from a division of property. The analysis prescribed by Calhoun in as follows:

(1) whether the intent of the state court or the parties was to create a support obligation;

(2) whether the support provision has the actual effect of providing necessary support;

(3) whether the amount of support is so excessive as to be unreasonable under traditional concepts of support; and

(4) if the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law.

Since Judge Paine apparently concluded his decision after the examination of only one factor—the intent of the parties—this case shall be remanded for a reconsideration of the dischargeability in light of the remaining three *Calhoun* factors.

An appropriate order shall be entered.